## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,       )
v.                              )       Case No. CR-10-371-D
                                )       (Case No. CIV-20-855-D)
DWAYNE D. MOTSENBOCKER,          )
                                )
                Defendant.       )

## O R D E R

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside or Correct Sentence [Doc. No. 175].   With the Motion, Defendant has submitted a

copy of a Tenth Circuit order authorizing him to file a second or successive § 2255 motion

to challenge his conviction under 18 U.S.C. § 924(c) based on the Supreme Court's ruling

in *United States v. Davis*, 139 S. Ct. 2319 (2019).   *See In re Motsenbocker*, No. 20-6031

(10th Cir. Apr. 8, 2021) [Doc. No. 175-2].[1]   The government has filed a response [Doc.

No. 180] opposing the Motion, and Defendant has filed a reply brief [Doc. No. 190]

supporting it.   For reasons that follow, the Court finds that no hearing is needed and the

Motion should be denied on the existing record.[2]

---

[1] The court of appeals found Defendant had made a sufficient showing to satisfy the gatekeeping requirements of § 2255(h)(2) because the Supreme Court announced a new rule of constitutional law in *Davis* that has been made retroactive to cases on collateral review; the court did not consider the merits of the proposed motion.   *See* Order at 1-2.

[2]   No evidentiary hearing is needed where the record conclusively shows the defendant is not entitled to relief.   *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

## Factual and Procedural History

Defendant stands convicted by a jury of three offenses in the Indictment: Count 1, bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d); Count 2, using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and Count 3, possessing a firearm after a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant's criminal liability was based on aiding and abetting his codefendant, Leonard Etheridge, under 18 U.S.C. § 2(a). As to Count 3, Defendant was subject to an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), due to multiple prior convictions in Oklahoma County, Oklahoma, for robbery with a firearm. *See* Notice [Doc. No. 19]. The Court imposed a prison sentence of 288 months, consisting of two concurrent 204-month terms on Counts 1 and 3 and a consecutive 84-month term on Count 2. The court of appeals affirmed. *See United States v. Motsenbocker*, 528 F. App'x 832 (10th Cir. 2013) (unpublished).

In 2016, Defendant filed a § 2255 motion to vacate his sentence based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). He claimed that none of his state armed robbery convictions qualified as a "violent felony" under the ACCA in light of *Johnson*. The Court rejected this claim and denied the motion. *See* 4/12/17 Order [Doc. No. 169]. Defendant did not appeal.

## Defendant's Second Motion

In *Davis*, the Supreme Court extended the rule announced in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to hold that a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague and cannot

2

support a conviction under § 924(c)(1)(A) of using a firearm in connection with a crime of violence. *See Davis*, 139 S. Ct. at 2336. The Court did not invalidate 18 U.S.C. § 924(c)(3)(A), known as the elements clause, which defines a crime of violence to mean a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[3] The court of appeals has determined that *Davis* may be applied retroactively to cases on collateral review and, as in this case, may support an order under 28 U.S.C. § 2244(b)(3) authorizing an applicant to bring a second or successive § 2255 motion. *See supra* note 1.

Defendant claims that *Davis* impacts his § 924(c) conviction under Count 2 of the Indictment because the predicate offense in Count 1 of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is not categorically a crime of violence.[4] He argues that the federal offense of bank robbery "sweeps more broadly than the Elements Clause" of § 924(c)(3)(A) because the bank robbery statute, 18 U.S.C. § 2113(a), encompasses conduct that does not necessarily involve physical force. *See* Reply Br. at 4-5.[5]

---

[3] Thus, *Davis* does not affect a § 924(c) conviction of using a firearm during a "crime of violence" as defined by the elements clause. *See Davis*, 139 S. Ct. at 2325 (conviction on one § 924(c) count was sustained under elements clause).

[4] Because Defendant appears *pro se*, the Court liberally construes his arguments but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[5] Defendant makes arguments regarding other potential § 2255 claims that were not asserted in his Motion and fall outside the scope of the court of appeals' authorization to bring a second § 2255 motion. Therefore, those arguments are disregarded.

3

### Discussion

Upon consideration, the Court finds that Defendant's arguments are foreclosed by Tenth Circuit precedent applying the categorical approach advocated by Defendant – which considers only the statutory definition of the offense – and finding that simple bank robbery, armed bank robbery, and aiding and abetting bank robbery are categorically crimes of violence under the elements clause.  *See, e.g.*, *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018) ("federal bank robbery convictions categorically qualify as crimes of violence" under the identical elements clause of USSG § 4B1.1); *United States v. Deiter*, 890 F.3d 1203, 1213-14 (10th Cir. 2018) (federal bank robbery and aiding and abetting federal bank robbery are violent felonies under the ACCA's elements clause); *United States v. Lloyd*, 741 F. App'x 570, 572-73 (10th Cir. 2018) (unpublished) (armed bank robbery necessarily threatens the use of physical force and satisfies § 924(c)(3)'s elements clause).  *Lloyd* expressly rejects Defendant's arguments, and although not binding precedent, *Lloyd* is based on precedential authorities and is persuasive.  Further, every appellate court to consider the issue has reached the same conclusion.  *See, e.g.*, *King v. United States*, 965 F.3d 60, 70-71 (1st Cir. 2020) (simple bank robbery qualifies as crime of violence under § 924(c)(3)'s elements clause); *In re Sams*, 830 F.3d 1234, 1238-39 (11th Cir. 2016) (same); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (armed bank robbery satisfies § 924(c)(3)'s elements clause); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (same); *Johnson v. United States*, 774 F. App'x 334 (8th Cir. 2019) (unpublished) (aiding and abetting armed bank robbery satisfies elements clause).

**Conclusion**

For these reasons, the Court finds that Defendant's claim under *Davis* – the sole claim authorized by the court of appeals – lacks merit.   Defendant is not entitled to relief from his § 924(c) conviction based on *Davis*.

**Motion for Appointment of Counsel**

With his reply brief, Defendant has filed a Motion for Appointment of Counsel [Doc. No. 189], pursuant to 18 U.S.C. § 3006A and the Rules Governing Section 2255 Proceedings.   These authorities allow the appointment of counsel for a § 2255 movant, but require it only where "necessary for effective discovery" (Rule 6) or "[i]f an evidentiary hearing is warranted" (Rule 8).   Neither circumstance is present here.   As a matter of discretion, the Court declines to appoint counsel to assist Defendant in pursuing § 2255 relief.   Upon consideration of the appropriate factors, the Court finds that Defendant is capable of presenting his claim and other circumstances do not warrant the appointment of counsel.   *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (stating factors to be considered); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant.   A COA may issue only upon "a substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. §2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

5

are adequate to deserve encouragement to proceed further."  *Miller El v. Cockrell*, 537

U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon

consideration, the Court finds that this standard is not met here.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence [Doc. No. 175] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel

[Doc. No. 189] and a certificate of appealability are DENIED.

IT IS SO ORDERED this 2nd day of March, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge